IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00018-MR-WCM

| PAKUJA CRYSTAL VANG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| CATAWBA MEDICAL CENTER ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.    STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual

enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. BACKGROUND

The Plaintiff names thirty-seven defendants in this action. These defendants, as referred to by the Plaintiff, are: Catawba Medical Center; Catawba Valley Family Medicine Claremont; Bethany Medical Center; Frye Neurology; Emergeortho; Emergeortho Physical Therapy; Lincoln Financial Group; Novant Health Matthews Medical Center; Carolina EMG Specialists; Lincoln Internal Medicine; Cones Internal Medicine; Hickory Social Security Office; OrthoCarolina; OrthoCarolina Orthopedic; Atrium Health Wake Forest Baptist; Privia Medical Group; Inovaspine; Inova Neurology; Onehealthmedicalcare; Ortho Virginia; Walmart Pharmacy; Burke County Social Services; The Health Plan; Carefirst; Blue Cross and Blue Shield of North Carolina; Anthem Healthkeepers, Bright Healthcare; Healthsmart Pharmacy; SpecOrtho; Moses Cones Sport Medicine Center; Neurology Center; WakeMed Raleigh Campus Adult Emergency Room; DES Central Office Location; UPS Store; USPS; NC Medical Board; and NC Whistle Protection Labor. [Doc. 1 at 3-8].

The Plaintiff utilized a standard AO form to file her Complaint. Under the section that asks the Plaintiff to indicate this Court's basis for jurisdiction, she was asked if she was bringing suit against federal officials pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or against state or local officials pursuant to 42 U.S.C. § 1983. [Id. at 9]. She checked the boxes corresponding to both Bivens and § 1983 claims. [Id.]. She was also asked to specify which constitutional right or rights she claimed were violated by federal officials and wrote "Discrimination of disability." [Id.].

The AO form instructed the Plaintiff to briefly state the facts of her case and to "[d]escribe how each defendant was personally involved in the alleged wrongful action." [Id.]. The Plaintiff attached thirteen typed pages in response to this question. [Id. at 10-22]. In these thirteen pages, the Plaintiff lists each defendant and describes her interactions with that defendant in narrative form since October of 2020. [Id.]. The crux of her disputes with the hospital/medical provider defendants is that she has continually complained of pain that has been ignored, misdiagnosed, or mistreated by those defendants. [Id.]. She also complains that several defendants either denied her social security and unemployment benefits or did not adequately assist

4

her in applying for benefits. [Id.]. She also complains that her mail is being opened. [Id.].

## III. DISCUSSION

### A. Application to Proceed Without Prepaying Fees or Costs

The Plaintiff seeks to proceed in this action without the prepayment of fees or costs. Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has adequately demonstrated that she is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. Section 1915 Review

The Plaintiff's Complaint purportedly asserts claims pursuant to 42 U.S.C. § 1983, Bivens, and "discrimination of disability," which the Court construes as an attempt to assert a claim for a violation of the Americans with Disabilities Act ("ADA"). [Doc. 1 at 9].

#### 1. Section 1983 Claims

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted).

The majority of the defendants named in this action are private entities and are therefore not appropriate defendants for a § 1983 action. The only defendants named in this lawsuit who are not private entities are the Hickory Social Security Office, Burke County Social Services, the United States Postal Service ("USPS"), and the North Carolina Medical Board.[1] The USPS is a federal agency and therefore not an appropriate defendant under § 1983. As an agency of the state of North Carolina, the Eleventh Amendment bars suit against the North Carolina Medical Board. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Manion v. N.C. Med. Bd., 693 F. App'x 178, 181 (4th Cir. 2017) (upholding the district court's

---

[1] It is unclear whether Defendant "Nc whistle protection labor" is a state actor. However, to the extent the Plaintiff attempts to bring a § 1983 claim against the North Carolina Department of Labor, the Eleventh Amendment bars such a claim.

6

conclusion that the Eleventh Amendment bars suit against the North Carolina Medical Board).

The Plaintiff's only allegations related to the Hickory Social Security Office are: "I never receive my social security on purpose and they never upload all my medical records on purpose." [Doc. 1 at 16]. The Plaintiff's only allegations related to Burke County Social Services are: "Claiming that I need short term disability to get food stamps or anything was very awful. Harassed me constantly about it. I went to the Catawba one and they gave it to me based on income right away. I got food benefits and stuff due to not having any money." [Id. at 19-20].

While a plaintiff can bring suit against a municipal or county agency pursuant to § 1983, as the Plaintiff purports to do here, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). Instead, to properly state a claim under § 1983 against a municipal or county agency, plaintiffs must identify a "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, [that] inflicts the injury [such] that the government as an entity is responsible." Id.

7

Case 1:23-cv-00018-MR-WCM   Document 3   Filed 02/09/23   Page 7 of 16

Here, the Plaintiff has failed to identify any custom or policy of Hickory or Burke County from which her alleged injury stemmed. To the extent she was "harassed" by employees of a county agency, she has not identified that such alleged harassment stemmed from any custom or policy of the county.

Moreover, the Plaintiff has failed to identify that any of the allegations she makes about Hickory and Burke County violated a federal right cognizable under § 1983. The Plaintiff indicated that her § 1983 claim was premised on "discrimination of disability." [Doc. 1 at 9]. However, a violation of the ADA does not give rise to a claim under § 1983. While not explicitly addressed yet by the Fourth Circuit, every circuit to address the issue has found that a violation of the ADA is not cognizable under § 1983. See Anderson v. Sch. Bd. of Gloucester Cnty., No. 3:18CV745, 2020 WL 2832475, at *21-22 (E.D. Va. May 29, 2020) (collecting cases). As the Plaintiff's allegations do not include any other details that relate to a constitutional or federal right, the Plaintiff's allegations do not implicate any right cognizable under § 1983. Accordingly, as the Plaintiff has failed to identify a constitutional right that was violated and has failed to allege that her grievances with Hickory and Burke County stem from a custom or policy, she has failed to state a § 1983 claim against both defendants.

Accordingly, the Plaintiff has failed to state a § 1983 claim against any defendant named in this action.

### 2. <u>Bivens</u> Claims

A <u>Bivens</u> action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See <u>Bivens</u>, 403 U.S. at 395-97. <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86 (1994); <u>Dao v. Chao</u>, 306 F.3d 170, 184 (4th Cir. 2002) (citing <u>Meyer</u>, 510 U.S. at 484-86) ("a <u>Bivens</u> action does not lie against either agencies or officials in their official capacity."). Here, no defendants are proper defendants under <u>Bivens</u> as the only federal actor named as a defendant is the United States Postal Service, and <u>Bivens</u> claims are not cognizable against federal agencies. Accordingly, the Plaintiff has failed to state a <u>Bivens</u> claim against any defendant.

### 3. ADA Claims

The Plaintiff alleges "discrimination of disability" in her Complaint, which the Court construes as an attempt to allege a violation of the ADA. Only such individuals with a disability as defined in the ADA are covered by the Act. "Disability" under the ADA may be established by a showing of: (1) "a physical or mental impairment that substantially limits one or more major

life activities"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include, but are not limited to, such activities as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

At the outset, the Plaintiff has failed to sufficiently allege that she has a disability as defined by the ADA. While the Plaintiff alludes to having Ehler Danlos, carpal tunnel, and fibromyalgia [Doc. 1 at 10-12, 14-15, 17, 19], she fails to allege how such impairments substantially limit any major life activities. As such, the Plaintiff's allegations fail to sufficiently assert that she has a "disability" within the meaning of the ADA.

Moreover, while the Plaintiff fails to specify which provision of the ADA she alleges the defendants violated, the Court's review of the Complaint reveals that she has not alleged facts that set forth a cognizable claim under any title of the Act. Title I of the ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a claim for disability discrimination under the ADA, a plaintiff must allege that (1) she had a disability as defined in the

ADA; (2) she was a "qualified individual"; and (3) her employer took an adverse action on the basis of her disability. See Gentry v. East West Partners Club Mgmt. Co., 816 F.3d 228, 236 (4th Cir. 2016); Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). Here, the Plaintiff has not named a previous employer as a party or alleged any facts related to disability discrimination in employment; accordingly, the Plaintiff has failed to state a claim pursuant to Title I of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A qualified individual with a disability under Title II is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. § 12131(2). Here, to the extent that the Plaintiff's claims that Hickory and Burke County denied her services can be construed as claims brought under Title II of the ADA, such claims fail as the Plaintiff has not alleged that she was denied services

by reason of her alleged disability. Moreover, she has not shown that she met the essential eligibility requirements for the receipt of such services. Accordingly, the Plaintiff has failed to state a claim pursuant to Title II of the ADA.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). "To prevail under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him because of his disability." J.D. v. Colonial Williamsburg Found., 925 F.3d 663, 669-70 (4th Cir. 2019). Here, to the extent that the Plaintiff's grievances with various private hospitals and pharmacies can be construed as an attempt to state claims under Title III of the ADA, such claims fail. Nowhere in the Complaint does the Plaintiff plausibly allege that she was discriminated against because of her alleged disability. The Plaintiff complains primarily of her disagreements with various providers' diagnoses and treatment plans (or lack thereof). The ADA does not, however provide for a claim based on disagreements with medical providers or even for inadequate care that was not discriminatory. See, e.g.,

12

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Here the Plaintiff's allegations are, at most, state-law medical malpractice claims. Therefore, the Plaintiff has failed to state a claim pursuant to Title III of the ADA.

Accordingly, the Plaintiff has failed to state a claim against any named defendant. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

### C. Pre-Filing Review System

The Plaintiff was previously warned that future frivolous filings would result in the imposition of a pre-filing review system. [See Case No. 1:22-cv-00251-MR, Doc. 7]. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to

impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. Since 2021, the Plaintiff has filed seven civil actions in this court that have been dismissed, either for failure to state a claim upon which relief can be granted, due to her failure to prosecute, or for being frivolous, malicious, and repetitive. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these

circumstances, the Court concludes that the Plaintiff will continue this abusive behavior if she is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer litigants the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from them. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for [her] legitimate concerns, but will prevent [her] from usurping the Court's resources with [her] baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, within **fourteen (14) days** of the entry of this Order, the Plaintiff Pakuja Crystal Vang shall file a single

document, not to exceed more than three (3) pages, succinctly explaining why she believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge